

# The Attorney General of Texas

December 28, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson. Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso. TX. 79905-2793
915/533-3484

1001 Texas. Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway. Suite 312
Lubbock. TX. 79401-3479
806/747-5238

4309 N. Tenth. Suite B
McAllen. TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio. TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Ms. Candy Moore
Executive Officer
Polygraph Examiners Board
5805 North Lamar
P. O. Box 4087
Austin, Texas    78773

Opinion No. JM-278

Re: Meaning of "immediately preceding" for the purposes of section 8(a)(2) of article 4413 (29cc), V.T.C.S., the Polygraph Examiners Act

Dear Ms. Moore:

You request an opinion of this office as to the meaning of the words "immediately preceding" as used in section 8(a)(2) of article 4413 (29cc), V.T.C.S., the Polygraph Examiners Act. That section of the act prescribes the qualifications necessary for a polygraph examiner's license, stating that

> Sec. 8(a)  A person is qualified to receive a license as an examiner
>
> . . . .
>
> (2) who holds a baccalaureate degree from a college or university accredited by an organization that the board designates and that the board determines has accreditation standards to ensure a high level of scholarship for students, or in lieu thereof, has five consecutive years of active investigative experience immediately preceding his application. . . .
> (Emphasis added).

We conclude that compliance with the optional experience requirement of section 8(a)(2) requires that an applicant's five consecutive years of experience occur just before his application; there may not be a significant interval of time before the filing of the application.

Such an interpretation is consistent with the canons of statutory construction. The courts have held that the legislature is presumed to have used each word intentionally, and, if the meaning of the language is not ambiguous, words should be given their plain and ordinary meaning. Cameron v. Terrell and Garrett. Inc., 618 S.W.2d 535 (Tex. 1981); Taylor v. Firemen's and Policemen's Civil Service Commission of City of Lubbock, 616 S.W.2d 187 (Tex. 1981); Conn,

Sherrod and Co., Inc., v. Tri-Electric Supply Co., Inc., 535 S.W.2d 31 (Tex. Civ. App. - Tyler 1976, writ ref'd n.r.e.). Since Black's Law Dictionary 675 (5th ed. 1979), defines "immediately" as "without interval of time," section 3(a)(2) clearly refers to the five years directly proximate to the filing of the application.

If the legislature had wanted to permit a delay between the experience and the application, it would have indicated this fact, as it explicitly did in the Real Estate License Act. In that statute the legislature purposefully inserted a grace period, requiring an applicant to furnish proof

> that he is a licensed real estate broker in another state, [and] that he has had not less than two years' active experience . . . during the 36-month period immediately preceding the filing of the application. . . .

V.T.C.S. art. 6573a, §7(h)(2) (Emphasis added).

The words "immediately preceding," as used in section 8(a)(2) of article 4413 (29cc), V.T.C.S., the Polygraph Examiners Act, requiring as an alternative to a baccalaureate degree five years of active investigative experience "immediately preceding" the application, mean the five years nearest to the filing of the application.

### S U M M A R Y

> The words "immediately preceding," as used in section 8(a)(2) of article 4413 (29cc), V.T.C.S., the Polygraph Examiners Act, requiring as an alternative to a baccalaureate degree five years of active investigative experience "immediately preceding" the application, mean the five years nearest to the filing of the application.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs

*f*